IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER PETTAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19cv8-GMB |
| | ) | [wo] |
| ERNEST N. FINLEY, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Now before the court is Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Scheduling Conference. Doc. 3. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of a United States Magistrate Judge. Docs. 14 & 15.

Since the filing of the Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Scheduling Conference, the parties have conducted a Rule 26(f) Planning Meeting. Doc. 18.

In the complaint filed in this case, Pettaway has identified multiple defendants as Defendant Doe. He describes these defendants as the Montgomery Police Department policemen involved in the death of Joseph Lee Pettaway. Plaintiff seeks to have a third-party subpoena served on the Alabama Bureau of Investigation because he lacks access to information about the identities of the Montgomery Police Department policemen and how the unknown policemen may have contributed to Joseph Lee Pettway's death.

1

Defendants oppose Plaintiff's request on the grounds that it is not timely and that the information sought is protected by a common law enforcement privilege and Alabama Code § 12-21-3.1. Pettway disputes that a common law privilege exists, argues that Defendants do not have standing to raise any privilege, and argues that the report is discoverable.

The procedural posture of this case is that a motion was filed seeking a subpoena before an event which has now occurred, and that the motion seeks information necessary to cure pleading deficiencies in light of a pending motion to dismiss. It appears to the court that the better course at this stage of the proceedings is to allow Pettaway to conduct written discovery served on the defendants named in the complaint.

Accordingly, it is hereby ORDERED as follows:

1. The Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Scheduling Conference is DENIED as moot, a Rule 26(f) conference having occurred. A motion seeking this or a similar subpoena may be filed if necessary at a later time.

2. The Plaintiff is allowed **60 days from the date of this Order** to conduct written discovery and to file an amended complaint. The discovery will be limited to the identities and respective roles of the Montgomery Police Department officers involved in the release of, and policies regarding the release of, a police dog which resulted in the death of Joseph Lee Pettaway.

3. The court will consider any timely filed responsive pleading to Plaintiff's amended complaint, rather than the motion to dismiss directed to the original complaint,

after that responsive pleading is filed.

DONE on the 28th day of February, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE