IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

WALTER PETTAWAY
as administrator of the Estate
of Joseph Lee Pettaway, deceased,                               Civil Action

            Plaintiffs,                                                  2:19-cv-0008

      *versus*                                                               Jury Trial Demanded

NICHOLAS D. BARBER
and MICHAEL D. GREEN,

            Defendants.

MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA
ON THE ALABAMA BUREAU OF INVESTIGATION

    Comes now plaintiff and moves for leave of court to issue and serve a third party subpoena on the Alabama Bureau of Investigation (ABI), a non-party to this action, for their investigative report and related materials concerning the facts and circumstances surrounding the July 8, 2018 death of plaintiff's decedent, Joseph Lee Pettaway, which report and materials were provided to the Montgomery County District Attorney prior to the presentation made to the December, 2018 convening of the Montgomery County Grand Jury, which thereafter returned a no-bill against the policemen involved in Mr. Pettaway's death.

    Good cause, as well as the interests of justice and the expeditious disposition of the plaintiff's claims herein, support the authorization of the issuance of the requested third-party subpoena. In support of its issuance, plaintiff does show and represent as follows.

    1. Plaintiff is the Administrator of the Estate of Joseph Lee Pettaway, who died July 8, 2018, from a Montgomery Police Department (MPD) police dog attack. That attack resulted from defendant MPD policemen's release of a police dog with the intent and expectation that the dog

would and did attack Mr. Pettaway, which attack resulted in the severance of Mr. Pettaway's femoral artery and his death shortly afterward from exsanguination or loss of blood.

2. Plaintiff has extremely limited information, evidence, or access to either, concerning the facts and circumstances relating to the release of this police dog or the defendants' actions taken prior to or after the release of the dog.

3. Plaintiff's lack of this information and evidence arises from the following facts and circumstances:

> a. The police dog's attack on Mr. Pettaway and his resulting death occurred in the early morning hours of July 8, 2018 at a vacant house located in a residential section of west Montgomery.
>
> b. The deceased, Mr. Pettaway, was one of a work crew that had been working in the house previously that day and was alone in the house at the time the police dog attacked him.
>
> c. Defendant MPD policemen and the deceased Mr. Pettaway were the only persons with direct first-hand detailed knowledge of the dog's attack on Mr. Pettaway and his ensuing death; the police defendants' acts, omissions and events which preceded their release of the dog; and those which followed that release.
>
> d. In the summer of 2018, prior to filing this civil action, plaintiff's counsel requested but was denied any information from the MPD about Mr. Pettaway's death, including the identities and the acts of the MPD policemen involved in and the events leading to Mr. Pettaway's death.
>
> e. The reasons then given for the MPD's refusal were (1) the alleged possibility of a grand jury's criminal indictment of the policemen involved in Mr. Pettaway's death and (2) the fact that the MPD had turned the investigation of Mr. Pettaway's death over to the Alabama Bureau of Investigation (ABI) and that any of the information or evidence requested would have to come from the ABI.
>
> f. Thereafter, in July, 2018, the ABI also denied plaintiff's requests for information or evidence regarding their investigation of Mr. Pettaway's death, also citing the possibility of a Montgomery County grand jury's criminal indictment of the policemen involved which resulted in Mr. Pettaway's death.

g. However, even after the case was presented to a December 2018 Montgomery County Grand Jury and "no-billed," the ABI thereafter has persisted and continued to deny the Administrator's requests that the ABI voluntarily provide him with a copy of its investigative report despite the absence of any good or substantial reasons or bases for withholding the same from him.

h. Counsel for MPD similarly denied similar requests by representing that, as improbable as it may seem, the Montgomery Police Department did not have a copy of the ABI report and further refusing to provide any information about the MPD policemen or their actions, including the identities of MPD policemen involved.

i. This refusal to provide any information required plaintiff to move for an order from the Court requiring MPD to disclose the names of the two policemen defendants who released the dog to attack Mr. Pettway.

j. This Court granted plaintiff's motion (Doc. 19) after which defense counsel was ordered to identify and disclose Nicholas D. Barber and Michael D. Green as the subject policemen, after which Barber and Green were added as defendants. However, no other substantive information or evidence regarding the police dog attack was or has been since provided.

k. Both defendants and the ABI have resisted all efforts or attempts to subpoena a copy of the ABI investigative report on Mr. Pettways's death.

l. Despite clear, detailed, advance warning, supported by legal authority provided to defense counsel, that the filing of a motion for summary judgment by defendants in these circumstances would violate Rule 11, F.R.C.P, counsel for defendants nevertheless filed such a motion, knowing and cynically relying on the fact that MPD and ABI were the only sources of information/evidence about the police dog attack and Mr. Pettaway's death; and that plaintiff would likely be unable to provide any significant evidence in opposition to their motion for summary judgment filed, as it was, in violation of Rule 11, F.R.C.P.

4. Accordingly, plaintiff has only extremely limited information/evidence and access to the same about any of the MPD policemen's actions that night or the circumstances and events that led to Mr. Pettaway's death and has no means of obtaining that information or evidence other than through MPD and the ABI in discovery in this case.

3

5.  Not only has plaintiff been hampered and obstructed by this lack of access to and lack of any significant discovery in preparing his case, plaintiff is also unable to respond substantively to defendants' cynically ill-conceived and sanctionable motion for summary judgment (Doc. 42), filed as it was, in violation of Rule 11, F.R.C.P.

6.  In this circumstance, two very basic, fundamental, well-settled judicial policies strongly support the discovery sought herein from the non-party to this action, the ABI, through issuance a third party subpoena to the ABI.

7. First, the Supreme Court has long recognized that "*the discovery provisions [of Rule 26, F.R.C.P.] are to be applied as broadly and liberally as possible*," quoting *Hickman v. Taylor*, 329 U.S. at 506 (1947); and "*the deposition-discovery rules are to be accorded a broad and liberal treatment,*" again quoting *Hickman v. Taylor*, 329 U.S. at 507.

8.  Applying that principle, the Eleventh Circuit held in *Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007) that:

> district courts have broad discretion in fashioning discovery rulings [and] they are bound to adhere "to the liberal spirit of the [Federal] Rules." (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir.1973))

and this Court held in *Davidson v. City of Opelika*, 2015 U.S. Dist. LEXIS 61668, at *3-4 (M.D. Ala. May 12, 2015) (Watkins, J.)

> [t]he federal discovery rules are to be construed broadly and liberally, Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979).
>
> \*    \*    \*    \*    \*
>
> Based upon the liberal discovery rules and the exercise of its discretion, the court will issue the subpoena to permit Defendants to have access to the video.

9. This broad and liberal construction of Rule 26, F.R.C.P., strongly supports and favors authorization of the issuance of the subpoena sought by plaintiff herein.  See case law authority cited in Doc. 40-3 and Doc. 49, pp. 2-4.

10. Second, in addition to this general broad and liberal standard that is to be applied to discovery, all of the three specific factors cited in Rule 1 of the Federal Rules of Civil Procedure upon which that broad and liberal construction is to be based all strongly favor the authorization of the discovery sought by plaintiff herein. Specifically, see Rule 1, F.R.C.P., which provides:

> Rule 1. Scope and Purpose
>
> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the *just*, *speedy*, and *inexpensive* determination of every action and proceeding. (emphasis supplied)

11. In applying Rule 1, the Court's grant of this motion for leave to file the third party subpoena will serve all three of the aims or guiding factors stated in Rule 1:

> (a) the *just determination* of this action,
>
> (b) the *speedy determination* of this action and
>
> (c) the *inexpensive determination* of this action.

<u>(a) the just determination of this action</u>

12. Plaintiff's complaint states, among other claims, a compelling claim that MPD police used unwarranted and excessive force causing Mr. Pettaway's death. However, absent access to the ABI investigative report, including evidence and information regarding the acts and omissions the MPD, plaintiff cannot respond to the currently pending motion for summary judgment.

13. Dismissal of just claims because a plaintiff lacks access to the information necessary to oppose the pending motion for summary judgment would be manifestly unjust.

14. In similar circumstances, i.e., where in opposition to a motion for summary judgment, plaintiff had not had the opportunity to conduct discovery to oppose it, the Eleventh Circuit has repeatedly approved the grant of similar motions to conduct discovery prior to submission of the motion for summary judgment. See case law authority cited in Doc. 40-3 and Doc. 49, pp. 2-4.

(b) the speedy determination of this action

15. The longer the delay in the plaintiff's being able to conduct discovery to obtain information and evidence regarding the acts and omissions the MPD, the longer will be the delay in the determination of this action. The defendants' refusals to allow discovery have already resulted in a four month delay during which no discovery has been accomplished and no progress in resolving this case has been made.

16. There are no substantial reasons or justifications to further delay the discovery of the ABI investigative report. Further delay in plaintiff access to the ABI report serves no legitimate purpose in these circumstances, but only unnecessarily delays and interferes with the speedy determination of this civil action.

(c) the inexpensive determination of this action

17. Delay in production of these materials may also result in plaintiff being required to obtain the same information contained in the ABI report through other, more expensive and cumbersome means, including unnecessary depositions (or more lengthy depositions) and/or through much more lengthy interrogatories and requests for production, etc. See also *Hickman v. Taylor*, 329 U.S. at 505 (1947):

> It would be inconsistent with the liberal atmosphere surrounding these rules to insist that petitioner now go through the empty formality of pursuing the right procedural device only to reestablish precisely the same basic problem now confronting us.

18. In addition, the subpoena herein sought will be served on a third party, the ABI, and therefore absolutely no burden will be thereby imposed on defendants, i.e., the ABI's compliance with the subpoena will impose no burden on defendants.

19. The grant of this motion is consistent with and the denial of this motion is inconsistent with the well-established and consistently applied *Hickman v. Taylor* discovery standard: "*the discovery provisions [of Rule 26, F.R.C.P.] are to be applied as broadly and liberally as possible*" to "*secure the just, speedy, and inexpensive determination of [this] action.*"

20. There are many substantial reasons for granting the motion and there exist no good, bona fide, substantial reasons or bases for denying the motion.

Wherefore these premises considered, plaintiff requests, without necessity of any further advance notice to defendants, of an order authorizing the plaintiff to issue and serve a subpoena duces tecum on the Alabama Bureau of Investigation for their investigative file and report and all written or recorded materials generated or acquired in the course of their investigation of the the police dog attack on plaintiff Joseph Lee Pettaway in July, 2018.

/s/ Griffin Sikes, Jr.

Griffin Sikes, Jr.
Attorney for Plaintiff
Post Office Box 11234
Montgomery, Alabama 36111
Phone: 334.233.4070
E-mail:  sikeslawyer@gmail.com

/s/ H. E. Nix, Jr.

H. E. Nix, Jr.
Attorney for Plaintiff
7515 Halcyon Pointe Drive
Montgomery, AL 36117
Phone: 334.279.7770
E-mail: cnix@nixattorney.com

Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on this 27th day of September, 2019, by electronic service on counsel of record as follows:

Rebecca L. Chambliss, Esq., counsel for defendants at rchambliss@montgomeryal.gov

/s/ Griffin Sikes, Jr.

Of Counsel