**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WALTER PETTAWAY, as Administrator of** | ) | |
| **the Estate of Joseph Lee Pettaway, deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:19-CV-00008** |
| | ) | |
| **CPL. NICHOLAS D. BARBER and** | ) | |
| **SGT. MICHAEL D. GREEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY & COMPEL DISCOVERY, MOTION FOR SANCTIONS, AND MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPEONA**

**COME NOW** Sgt. Michael D. Green and Cpl. Nicholas D. Barber, Defendants in the above-styled cause, by and through counsel, and pursuant to this Honorable Court's Order of October 10, 2019 (Doc. 56), hereby submit the following Response to Plaintiff's Motion to Clarify & Compel Discovery (Doc. 40), Plaintiff's Motion for Sanctions (Doc. 49), and Plaintiff's Motion for Leave to Serve Third-Party Subpoena (Doc. 54), as follows, to wit:

This Honorable Court has not yet entered a scheduling order, and the parties have not yet commenced discovery.  Since the very inception of this case, counsel for the Plaintiff has made numerous, excessive, and redundant attempts – both through motions with this Court and repeated requests from Defense counsel – to obtain certain discovery, including documents and records via third-party subpoena to, *inter alia*, the State Bureau of Investigation.  (Doc. 3, Doc. 13, Doc. 16, Doc. 18, Doc. 40, Doc. 48, Doc. 49, Doc. 50, Doc. 54).  Among other things, Plaintiff has stated that through this discovery and Rule 45 Subpoenas, he seeks to obtain "the identification of the policemen involved." (Doc. 40, at ¶ 6).  However, pursuant to this Court's order of February 28,

2019, Defendants have disclosed to Plaintiff the identities and respective roles of the Montgomery Police Department officers involved. (Doc. 19). As a result of Defendants' disclosure, Plaintiff was able to file an Amended Complaint. (Doc. 21). Additionally, the Court has before it affidavits from the two "policemen who were involved" – Cpl. Nicholas Barber and Sgt. Michael Green – and who have been added by Plaintiff as Defendants in this lawsuit. (Doc. 43-1, Doc. 47). Cpl. Barber and Sgt. Green's affidavits demonstrate that no other policemen were involved in the release of the police dog on the occasion at issue in this case. (Doc. 43-1, Doc. 47). Plaintiff has not offered any reason whatsoever to the contrary.  Thus, in light of the Plaintiff's representations that there were no "direct eyewitnesses other than MPD policemen," any information available from the State Bureau of Investigation could not possibly serve as the Plaintiff's Rule 11 "evidentiary support" for the allegations in Plaintiff's Amended Complaint of an alleged "anonymous informant" or "rouge police dog." (Doc. 21, at ¶¶ 14, 26-29).

Moreover, Cpl. Barber and Sgt. Green's affidavits establish that the "informant" was never anonymous, nor was the police dog ever released unaccompanied, unattended, or not subject to the control of Cpl. Barber as his handler. (Doc. 43-1, Doc. 47). Despite Plaintiff's resolve to obtain the case files from the SBI and other sources regarding this incident, Plaintiff cannot plausibly demonstrate how obtaining such sensitive information will support any of the allegations in his Complaint.

Despite certifying to the Court otherwise, the fact of the matter is that Plaintiff has no evidentiary support for his allegations of an "anonymous informant" or an "unaccompanied, unattended," rouge police dog contained in his Amended Complaint. (Doc. 21, at ¶¶ 14, 26-29). The Court should not reward the Plaintiff for asserting factual allegations that lack the evidentiary support that Rule 11 requires. Instead, the Court should heed the Supreme Court's admonition

2

against allowing "a plaintiff with 'a largely groundless claim' . . . to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557-58, 127 S. Ct. 1955, 1966 (2007) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347, 125 S. Ct. 1627, 1634 (2005)). Plaintiff has failed to offer any reason to believe that there exists any percipient witness who will support the factual allegations he certifies in his Amended Complaint. (Doc. 21). The law is well-settled that **"[d]iscovery is not 'a fishing expedition**'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988).

Additionally, to permit Plaintiff to issue subpoenas at this juncture in the litigation – before discovery has commenced and while a dispositive motion on qualified immunity grounds is pending – would subject the responding parties to undue burden and expense, and therefore this discovery should not be permitted and a protective order is due to be entered. Fed. R. Civ. P. 45(d)(3)(A)(iv).

Under Eleventh Circuit precedent, this Court should issue a stay of discovery pending resolution of Defendants' dispositive motion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-69 (11th Cir. 1997) ("Chudasama"). In Chudasama, the Eleventh Circuit explained that "[f]acial challenges to the legal sufficiency of a claim . . . should be resolved before discovery begins." Id.

Qualified immunity is intended to protect officials from the costs of "broad-reaching" discovery. Crawford-El v. Britton, 523 U.S. 574, 593 n. 14 (1998). In deciding whether to stay discovery pending resolution of a dispositive motion, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate

the need for such discovery. See Crawford-El v. Britton, 523 U.S. 574 (1998). *It is appropriate for a court to resolve the issue of qualified immunity before allowing discovery*. Caraballo-Sandoval *et al.* v. R.E. Honsted, 35 F.3d 521, 524 (11th Cir. 1994). Additionally, the Eleventh Circuit has found no abuse of discretion where a District Court stays discovery reasoning that, pending the resolution of a dispositive motion on qualified immunity grounds, "neither the parties nor the court have any need for discovery before the court rules on the motion." Moore v. Potter, 141 Fed. Appx. 803, 807 (11th Cir. 2005). Under Eleventh Circuit precedent, this Court should issue a protective order and stay *all* discovery pending resolution of Defendants' dispositive motion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-69 (11th Cir. 1997) ("[f]acial challenges to the legal sufficiency of a claim . . . should be resolved before discovery begins.").

"There is a strong public interest in protecting public officials from the costs associated with the defense of damages actions." Crawford-El v. Britton, 523 U.S. 574, 590 (1998). "The qualified immunity doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated." Davis v. Scherer, 468 U.S. 183, 195 (1984). Qualified immunity is "an immunity from suit rather than a mere defense to liability." Hunter v. Bryant, 502 U.S. 224, 228 (1991) (citation and internal quotation marks omitted).

"In order to spare officials who are entitled to immunity from the burden of litigation, the availability of qualified immunity should be evaluated early in the proceedings." McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). It "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994); see also Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of . . . qualified immunity protects government officials not

4

only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.") "Subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." Redford v. Gwinnett Cnty. Judicial Circuit, 350 F. App'x 341, 346 (11th Cir. 2009).  Thus, where qualified immunity is raised as a defense, a court has discretion to "resolve the issue of qualified immunity before allowing discovery. Caraballo-Sandoval, 35 F.3d at 524; see generally Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) ("Matters pertaining to discovery are committed to the sound discretion of the district court. . . .")

The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Hunter v. Bryant, 502 U.S. 224, 227  (1991) (per curiam). According to the Eleventh Circuit, "the defense of qualified immunity should be resolved at the earliest possible procedural moment."  Amnesty Int'l v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009).  The "driving force" behind the defense of qualified immunity is the desire "that 'insubstantial claims' against government officials be resolved ***prior to discovery*** **and** ***on summary*** ***judgment*** if possible."   Anderson v. Creighton, 483 U.S. 635, 640 n.2, 107 S. Ct. 3034, 3039 n.2 (1987) (emphasis added).

In reaching its conclusion, the Eleventh Circuit addressed the burden and expenses that may be avoided – by both the parties and the Court – through a stay of discovery pending a ruling on a dispositive motion:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining

whether certain information is privileged.  Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. **Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.**

Id. at 1367-68 (emphasis added) (footnotes omitted).

Thus, in Chudasama, the Eleventh Circuit issued a clear directive to district courts to  rule on dispositive motions as a threshold matter to reduce the risk of abusive discovery.  This practice assuages the concerns the United States Supreme Court emphasized when it stated that the pleading standard in Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Both before and  after its  Chudasama  decision, the Eleventh Circuit has long affirmed  a district court's decision to stay discovery pending the outcome of a dispositive motion. See, e.g., Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion by staying discovery pending its decision on a pending dispositive motion); Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) ("Horsley") (holding that district court did not abuse its discretion in staying discovery pending its ruling on a

motion for judgment on the pleadings).[1]  District courts within the Eleventh Circuit have followed

that Eleventh Circuit precedent and imposed stays of discovery pending resolution of dispositive

motions.[2]

---

[1] *See also, e.g.*, *Lawrence v. Governor of Georgia*, 721 F. App'x 862, 864 (11th Cir. 2018) (quoting *Chudasama* and affirming district court's stay of discovery pending court's ruling on dispositive motion); *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 946 (11th Cir. 2017) (affirming magistrate judge's stay of discovery pending resolution of motion to dismiss); *Roberts v. FNB S. of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2659 (2018), *reh'g denied,* No. 17-1495, 2018 WL 4037504 (U.S. Aug. 24, 2018) ("Here, the district court properly stayed discovery pending a ruling on the legal sufficiency of Roberts's complaint because there was no 'need for discovery before the court rule[d] on the motion.'"); *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (affirming district court's stay of discovery pending resolution of motion to dismiss); *Lopez v. United States*, 656 F. App'x 957, 963 (11th Cir. 2016) ("While discovery may be necessary and appropriate to resolve a *factual* challenge to the district court's jurisdiction, discovery is not necessary where, as here, the court must resolve a *facial* challenge to the legal sufficiency of a claim."); *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) ("Rules 8(a) and 9(b) are pleading standards which apply *before* the discovery period begins and cannot be relied upon to defeat a motion to dismiss for failure to state a claim."); *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." (internal quotation marks omitted)); *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012), *cert. denied,*  134 S. Ct. 203 (2013) (noting the facial challenge to the legal sufficiency of the claims and holding "[i]n the light of our precedents, the district court acted well within its discretion to deny the request ... for discovery"); *Redford v. Gwinnet Cty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (quoting *Chudasama* and affirming the district court's stay of discovery pending resolution of defendants' motion to dismiss because "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins." (internal quotation marks and alterations omitted)); *Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (ruling that district court's order staying discovery until ruling on a motion to dismiss was not an abuse of discretion); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (quoting *Chudasama* and explaining that "facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins, especially when the challenged claim will significantly expand the scope of allowable discovery" (internal quotation marks and alterations omitted)).

[2] *See, e.g.*, *NCC Bus. Serv., Inc. v. Lemberg & Assoc., LLC*, No. 3:13-cv-795-J-99MMH-MCR, 2013 WL 5428737, at *1-2 (M.D. Fla. Sept. 26, 2013) (staying discovery in a purported class action pending a ruling on defendant's motion to dismiss); *McBride v. Houston Cty. Health Care Auth.*, No. 1:12CV1047-MHT, 2013 WL 674671, at *2 (M.D. Ala. Feb. 25, 2013) ("All discovery is stayed pending resolution of the pending motions to dismiss."); *Chambliss v. Buckner*, No. 3:10-

It is therefore proper for this Honorable Court to follow the Eleventh Circuit's directive and DENY Plaintiff's Motion to Compel Discovery, DENY Plaintiff's Motion for Sanctions, and DENY Plaintiff's Motion for Leave to Serve Third Party Subpoena pending this Court's ruling on Defendants' Motion for Summary Judgment.

Respectfully submitted this 21st of October, 2019.

 /s/ Rebecca L. Chambliss
REBECCA L. CHAMBLISS (ASB-1322-E65D)
Attorney for Defendants
Cpl. Nicholas D. Barber and Sgt. Michael D. Green

**OF COUNSEL**:
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
Telephone: (334) 625-2050
Facsimile: (334) 625-2310
rchambliss@montgomeryal.gov

---

cv-213-WKW, 2010 WL 4537908, at *5 (M.D. Ala. Nov. 3, 2010) (granting defendant's motion to stay pending resolution of motions for summary judgment); *Buckley v. Barbour Cty., Ala.*, No. 2:07-cv-011190WKW-CSC, Order (D.E. 42) (M.D. Ala. Oct. 6, 2008) (granting defendant's motion to stay discovery pending resolution of motion to dismiss); *McCray v. City of Eufala*, No. 2:06-cv-00309-MHT-WC, Order (D.E. 35) (M.D. Ala. Mar. 26, 2007) (granting "defendants' motion to stay discovery . . . pending resolution of defendants' motion to dismiss"); *Headley v. Chilton Cty. Sheriff's Dept.*, No. 2:06-cv-1083-MEF, 2007 WL 163067, at *1 (M.D. Ala. Jan. 18, 2007) (granting motion to stay discovery pending court's ruling on motion to dismiss); *Paulk v. Harvey*, No. 2:05-cv-01141-WKW-CSC, Order (D.E. 39) (M.D. Ala. June 19, 2006) (granting "the motion to stay discovery pending resolution of the motion to dismiss"); *Baker v. Am. Heritage Life Ins. Co.*, No. 4:05-cv- 128(CDL), Order (D.E. 18) (M.D. Ga. Sept. 1, 2006) (staying discovery in a purported class action pending a ruling on defendant's motion to dismiss)

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing and

notification through CM/ECF with United States District Court Middle District of Alabama on this

21st day of October, 2019:

Griffin Sikes, Jr.
Post Office Box 11234
Montgomery, AL 36111
Phone: (334) 233-4070
sikeslawyer@gmail.com

H.E. Nix, Jr.
7515 Halcyon Pointe Drive
Montgomery, AL 36117
Phone: (334) 279-7770
cnix@nixattorney.com

                                        */s/ Rebecca L. Chambliss*
                                        OF COUNSEL