**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WALTER PETTAWAY, as Administrator of the Estate of Joseph Lee Pettaway, deceased,** )<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 2:19-CV-00008-JTA |
| ) | |
| **CPL. NICHOLAS D. BARBER and SGT. MICHAEL D. GREEN,** )<br>) | |
| ) | |
| **Defendants.** ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed.R.Civ.P.26(f), the parties consulted and discussed a discovery plan. Attorneys participating in the discussions were Griffin Sikes, Jr. and H.E. Nix, Jr. on behalf of the Plaintiff and Stacy L. Bellinger and Christopher East on behalf of Defendants Cpl. Nicholas D. Barber and Sgt. Michael D. Green. The following terms were agreed to:

2. **Initial Disclosures.** The parties will exchange information required by Fed.R.Civ.P.26(a)(1) on or before March 3, 2020.

3. **Discovery Plan.** The parties propose the following discovery plan:

    (a) Discovery will be needed on these subjects: the claims of the Plaintiff, the damages alleged, and the responses and defenses of the Defendant.

    (b) All discovery will be commenced in time to be completed on or before August 3, 3020 (**30 days** **prior to the dispositive motion deadline**), except that, as to any witnesses whose names are not revealed until the last day allowed or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial

conference, the opposing party shall have the time in this paragraph to allow for deposing such witness.

(c) The parties could not reach an agreement on the number of interrogatories or requests for production.

1. Plaintiff's Position: The fact-intensive nature of proving/defending a section 1983 cases and the fact that in most section 1983 cases, as in this case, all or virtually all of the evidence is in the possession of the defendants; and all of the direct first hand witnesses that survived the incident (Mr. Pettway died in the incident) are defendants. In such circumstances, the plaintiff begins the case with almost no evidence and no access to evidence or testimony except through civil discovery. This is something that is unique to section 1983 civil actions. Plaintiff proposes each party be permitted to issue a maximum of **75** interrogatories and **60** requests for production without prior approval of the court.

2. Defendant proposes that a maximum of **25** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. Responses will be due **30** days after service.

(d) Maximum of **20** requests for admission by each party to any other party without prior approval of the Court. Responses will be due **30** days after service.

(e) Maximum of **10** persons deposed by the Plaintiff and **10** by the Defendant without prior approval of the Court.

(f) Each deposition shall be limited to a maximum of **7** hours unless agreed to by the parties or sought by the Court.

(g) Expert Witness Disclosure: The parties shall disclose to each other the identity of any person who may be used at trial to present evidence and shall provide reports from retained experts under Rule 26(a)(2) as follows:

(i) from Plaintiff on or before June 4, 2020. (**90 Days prior to dispositive motion deadline** prior to the end of the discovery period)

(ii) from Defendant on or before July 3, 2020. (**60 days prior to dispositive motion deadline** prior to the end of the discovery period).

(h) Trial Witness Lists: No later than March 1, 2021 (**42 days prior to trial**), each party shall, pursuant to the provisions of Rule 26(a)(3) of the FRCP, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those who the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8.

(j) Deposition Designation: No later than March 1, 2021 (**42 days prior to trial**), the parties shall file deposition designations that the parties expect to use at trial.

(i) Supplementation of discovery shall be made in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

4. **Other Items.**

(a) The parties do not request a conference with the Court prior to entry of the scheduling order.

(b) The parties request a pretrial conference March 1, 2021.

(c) The parties shall be allowed until 75 days after the Uniform Schedule Order is issued to join additional parties and amend the pleadings.

(d) All potentially dispositive motions should be filed no later than September 2, 2020. (**180 days** **prior to the pretrial conference**).

(e) Settlement cannot be evaluated at this time, but the parties will further evaluate settlement after written discovery has been exchanged and initial depositions taken.

(f) The parties are receptive to mediation but do not request Court ordered mediation at this time.  The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

(g) Final lists of trial evidence under Rule 26(a)(3) should be due March 1, 2021 (**42 days prior to trial**).

(h) Objections to final lists of trial evidence should be filed March 22, 2021 (**21 days** prior to trial).

(i) The case should be ready for trial by the April 12, 2021 trial term and at this time is expected to take approximately **3** days.

(j) Production of Electronic Data:  To the extent that it exists, the parties will produce relevant, non-privileged, electronic information in paper format, unless the opposing party demonstrates the need to receive the electronic information in a format other than a paper format.  Discovery requests seeking discoverable information in a format other than a paper format should specify the nature of the format sought.  Defendant will endeavor to preserve all electronic information relevant to Plaintiff's claims.

Respectfully submitted this 19th day of February, 2020.

                              /s/Griffin Sikes, Jr.
                              Griffin Sikes, Jr.
                              Attorney for Plaintiff

**OF COUNSEL:**
Griffin Sikes, Jr.
Post Office Box 11234
Montgomery, AL 36111
Phone: (334) 233-4070
sikeslawyer@gmail.com

                              /s/ H.E. Nix, Jr.
                              H.E. Nix, Jr.
                              Attorney for Plaintiff

**OF COUNSEL:**
H.E. Nix, Jr.
7515 Halcyon Pointe Drive
Montgomery, AL 36117
Phone: (334) 279-7770
cnix@nixattorney.com

                              /s/ Stacy L. Bellinger
                              Stacy L. Bellinger (REE050)
                              ASB 3470 D63S
                              sbellinger@montgomeryal.gov

                              /s/ Christopher R. East
                              Christopher R. East (EAS011)
                              ASB 2206-S82E
                              ceast@montgomeryal.gov

**OF COUNSEL:**
City of Montgomery
Legal Department
103 North Perry Street
Montgomery, AL 36104
Tel: (334) 625-2050
Fax: (334)625-2310