IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

WALTER PETTAWAY
as administrator of the Estate
of Joseph Lee Pettaway, deceased,

    Plaintiffs,

*versus*

NICHOLAS D. BARBER
and MICHAEL D. GREEN,

    Defendants.

Civil Action

2:19-cv-0008

Jury Trial Demanded

## SUPPLEMENTAL SUBMISSION IN SUPPORT
## OF PLAINTIFF'S MOTION FOR A NEW SCHEDULILNG ORDER

  Comes now and on Monday, August 24, 2020, makes the following supplemental submission in support of Plaintiff's Motion for Entry of an Amended Scheduling Order, filed Thursday, August 20, 2020. (Doc. 102) and by scheduled for argument today, August 24, 2020, by Order dated Friday, August 21, 2020 (Doc. 103)

  The Court set this motion for a hearing less than two business days after it was filed. Plaintiff believed and believes that the motion is due to be granted and that little, if any, argument or briefing is required to support the motion, but out of an abundance of caution, provides the following hurriedly composed submission and seeks leave of the Court to amplify it, should the Court not rule based on the motion itself aided by this submission.

  Among the most fundamental principles that the Federal Rules of Civil Procedure are based on are due process and fundamental fairness, including the requirement that:

> "The district court … must ensure that the parties have an adequate opportunity for discovery." (internal quotation marks omitted)
>
> (*Powell v. United States*, 800 F. App'x 687, 701 (11th Cir. 2020), citing and quoting *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

The requirement that district courts allow adequate time for discovery assures, among other things, that (a) the plaintiff has the ability and opportunity to gather the evidence necessary for plaintiff's experts to formulate opinions, express and disclose them, and be deposed upon them; and that prior thereto, (b) the plaintiff have the ability and opportunity to gather the evidence necessary to amend the complaint to conform to the evidence.

Even defense counsel herein, in agreeing to extend the expert witness disclosure dates, recognized that plaintiff has not been afforded the time and opportunity to accomplish discovery, including what is likely the most important evidence in the case, the production of more than a dozen audio and video recordings made by body cams of the 8 or 10 policemen at the scene of Mr. Pettaway's death.  Absent the receipt and review of those recordings, no expert witness could formulate or express any opinions.

Yet those recordings were not provided to plaintiffs by defendants or the City in the almost 20 months this case has been pending since January, 2019.  To this day, those recordings have not yet been provided to plaintiff by the defendants or by their employer, the City of Montgomery or their counsel, but were only provided only three business days ago in response to a subpoena to a third party, the Alabama Law Enforcement Agency, filed months ago.

As even a cursory review of the pleadings referenced in plaintiff's motion filed two business days ago, August 20, 2020, plaintiff has diligently sought commencement of discovery in this case; and has only received the key evidence—the video and audio recordings of the events that led up to Joseph Lee Pettaway's death—three business days ago on August 19, 2020. Moreover, those recordings were provided not by the City but by a third party, ALEA.

Specifically, we refer the Court to the recitation of the pleadings in which plaintiff has sought commencement of discovery in our motion filed August 20, 2010 (Doc. 102); and more broadly refer the Court to these and other pleadings in this case in which plaintiff has persistently and diligently sought to commence discovery.

We will put aside the initial battle that plaintiff first had to fight to get the City to disclose the names of the K-9 unit police officers, Barber and Green, who deployed the dog that killed Mr. Pettaway, so that they could be named as defendants and served.

Soon thereafter, in May, 2020, plaintiff began to diligently seek commencement discovery by filing a motion to compel (Doc. 40) on May 26, 2019. *That motion has never been ruled upon by this Court*.

When plaintiff's motion to compel discovery sat unruled upon and for almost four months, and plaintiff's counsel's negotiations with the defendants failed to yield any progress in breaking the impasse over commencement of discovery, plaintiff filed a motion for a hearing on his motion to compel discovery (Doc. 56) in late September, 2019.

This Court, the Hon. Susan Russ Walker, denied that motion in an Order (Doc. 56) on October 10, 2019, stating that the plaintiff's motion would be ruled on "*in due course*."

Plaintiff did not comprehend what the Court meant by "due course," but when, over three months later, in January, 2020, Judge Walker had still not ruled, plaintiff filed a renewal of the motion a hearing on his May, 2019 motion (Doc. 59). That motion recites that defendants were refusing to allow discovery to commence. This was an allegation that defendants could not and did not controvert.

In February, 2020, when the Court had still not ruled on this motion during the almost 9 months plaintiff's motion to commence discovery remained pending (May 26, 2019 until February 13, 2020), in return for the defense counsel's agreement to commence discovery, plaintiff agreed with defense counsel to withdraw that motion and other related pending motions, including withdrawal of a motion for sanctions against City counsel that has now been discharged from employment with the City Counsel's office.

The parties then filed a Joint Motion (Doc. 68) in mid-February (Doc. 68) to withdraw all motions and allow discovery to finally commence. The Court granted this motion in an Order dated March 9, 2020 (Doc. 73).

However, when defense counsel then continued to refuse to make exchange of initial disclosures, plaintiff filed a motion compel those disclosures on April 19, 2020 (Doc. 72).

Additionally, plaintiff propounded interrogatories and requests for production to defendants Barber and Green in April, 2020.

However, when defense counsel filed responses to that discovery in late May, 2020, defense counsel refused to produce any new substantive evidence, but for the most part simply repeated the allegations of the Answers, and took the incredible position that the possession of or the ready access to evidence or information by a party's counsel is not within the possession or control of that party.

Defense counsel asserted and continued to take this position in spite of plaintiff's counsel supplying defense counsel with case law holding that position to be untenable.

Continuing to take this position, counsel for defendants refused to produce any real substantive responses to discovery, including the key evidence—the audio and video recordings.

Plaintiff then sought compliance with the subpoenas to the City and ALEA. However, in late May, 2020, counsel for the City and the ABI objected to production in response to the subpoena until an agreement over a protective order was entered (Doc. 78). Negotiations over the wording of that protective order were finally agreed upon in July, 2020 and the parties submitted an agreed Joint Motion to Entry of an agreed proposed protective order (Doc. 100 and Doc. 100-1) and they Court entered the parties' proposed protective order on July 30, 2020. (Doc. 102)

Three weeks later, on August 19, 2020, ALEA finally responded to plaintiff's subpoena and produced its investigative file, including more than one dozen policemen's audio and video body camera recordings.

This production by ALEA on August 19, 2020, was the first substantive discovery that plaintiff has obtained in this case. It disclosed information and evidence that, together with additional follow-up discovery, is essential for the plaintiff's experts to review and study in order to formulate their opinions; and is information and evidence that is essential for plaintiff's counsel to make determinations regarding what amendments to the Complaint need to be made in order for plaintiff's claims and allegations to conform to the evidence adduced in discovery.

These premises considered, plaintiff respectfully requests entry of a new scheduling order that reflects the reality that the Court's existing scheduling order must be amended to recognize the 20 month delay in commencement of discovery in this action, e.g., *Williams v. Bank of Am. Corp.*, 2017 U.S. Dist. LEXIS 224764, at *3 (M.D. Fla. Sep. 1, 2017):

> Inherent in the Court's authority is the power of the Court to manage its affairs so as to achieve the orderly and expeditious disposition of its cases. See Wieckiewicz v. Educ. Credit Mgmt. Corp., 443 Fed. Appx. 449, 450 (11th Cir. 2011). This includes the Court's ability "to extend or modify deadlines within a case management and scheduling order to enlarge the discovery period[,]" upon a showing of good cause. (citation omitted) Fed. R. Civ. P. 16(b)(4). In the interest of resolving this case based upon a full and complete record, the Court determines that good cause exists for granting Defendants' Motion requesting an extension of the remaining deadlines.

Elemental and fundamental fairness, as well as due process and Rules 26, Rule 16 and other of the Rules of Civil Procedure, require entry of the requested order.

/s/ Griffin Sikes, Jr.

Griffin Sikes, Jr.
Attorney for Plaintiff
Post Office Box 11234
Montgomery, Alabama 36111
Phone: 334.233.4070
E-mail:  sikeslawyer@gmail.com

/s/ H. E. Nix, Jr.

H. E. Nix, Jr.
Attorney for Plaintiff
7515 Halcyon Pointe Drive
Montgomery, AL 36117
Phone: 334.279.7770
E-mail: cnix@nixattorney.com

### Certificate of Service

I hereby certify a true and correct copy of the foregoing has been filed in the Court's electronic database on the 24th day of August, 2020, for electronic service on counsel of record:

Stacy Bellinger, Esq., at sbellinger@montgomeryal.gov

Christopher East, Esq. at ceast@montgomeryal.gov

/s/ Griffin Sikes, Jr.

Of Counsel