IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **WALTER PETTAWAY, as Administrator of the Estate of Joseph Lee Pettaway, deceased,** )<br>)<br>) | |
| **Plaintiffs,** )<br>) | |
| v. ) | Case No. 2:19-CV-08-JTA |
| ) | |
| **CPL. NICHOLAS D. BARBER and SGT. MICHAEL D. GREEN** )<br>)<br>) | |
| **Defendants.** ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed.R.Civ.P.26(f), a parties' planning meeting was held by telephone on August 31, 2020, and was attended by Griffin Sikes, Jr. and H.E. Nix, Jr., Attorneys for Plaintiff and Stacy L. Bellinger on behalf of the Defendants.

2. **Initial Disclosures.**  The parties will exchange within 30 days after the Report of Parties' Planning meeting the information required by Fed.R.Civ.P.26(a)(1).

3. **Discovery Plan.**  The parties propose the following discovery plan:

(a) Discovery will be needed on these subjects: the claims of the Plaintiff, the damages alleged, and the responses and defenses of the Defendant.

(b) All discovery will be commenced in time to be completed on or before **March 24, 2021,** except that, as to any witnesses whose names are not revealed until the last day allowed or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time in this paragraph to allow for deposing such witness.

(c) The parties could not reach an agreement on the number of interrogatories, requests for production or depositions.

1. Plaintiff's Position: The fact-intensive nature of proving/defending a section 1983 cases and the fact that in most section 1983 cases, as in this case, all or virtually all of the evidence is in the possession of the defendants; and all of the direct first hand witnesses that survived the incident (Mr. Pettway died in the incident) are defendants. In such circumstances, the plaintiff begins the case with almost no evidence and no access to evidence or testimony except through civil discovery. This is something that is unique to section 1983 civil actions. Plaintiff proposes each party be permitted to issue a maximum of **75** interrogatories and **60** requests for production without prior approval of the court. Plaintiff proposes a maximum of **20** persons deposed by the Plaintiff and **10** by the Defendant without prior approval of the Court.

2. Defendant proposes that a maximum of **25** interrogatories by each party to any other party absent agreement by the parties, or if an agreement cannot be reached, approval of the court. Maximum of **30** requests for production by each party to any other party absent agreement by the parties, or if an agreement cannot be reached, approval of the court. Responses will be due **30** days after service. Defendant proposes a maximum of 10 persons deposed by each party absent agreement by the parties, or if an agreement cannot be reached, approval of the court.

(d) Maximum of **25** requests for admission by each party to any other party without prior approval of the Court. Responses will be due **30** days after service.

(e) Each deposition shall be limited to a maximum of **7** hours unless agreed to by the parties or sought by the Court.

(f) Expert Witness Disclosure: The parties shall disclose to each other the identity of any person who may be used at trial to present evidence and shall provide reports from retained experts under Rule 26(a)(2) as follows:

(i) from Plaintiff on or before **January 25, 2021**.

    (ii) from Defendant on or before **February 24, 2021**.

  (g) Trial Witness Lists:  No later than **October 25, 2021**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the FRCP, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those who the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.

  (h) Deposition Designation: No later than **October 25, 2021**, the parties shall file deposition designations that the parties expect to use at trial.

  (i) Supplementation of discovery shall be made in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

4. **Other Items.**

  (a) The parties do not request a conference with the Court prior to entry of the scheduling order.

  (b) The parties request a pretrial conference on **October 21, 2021**.

  (c) The parties shall be allowed until **November 25, 2020** to join additional parties and amend the pleadings.

  (d) All potentially dispositive motions should be filed no later than **April 24, 2021**.

  (e) Settlement cannot be evaluated at this time, but the parties will further evaluate settlement after written discovery has been exchanged and initial depositions taken.

  (f) The parties are receptive to mediation but do not request Court ordered mediation at this time.  The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

(g) Final lists of trial evidence under Rule 26(a)(3) are due **October 21, 2021**.

(h) Objections to final lists of trial evidence are due **November 15, 2021**.

(i) The case should be ready for trial by the **December 6, 2021** trial term and at this time is expected to take approximately 4 days.

(j) Production of Electronic Data:  To the extent that it exists, the parties will produce relevant, non-privileged, electronic information in paper format, unless the opposing party demonstrates the need to receive the electronic information in a format other than a paper format.  Discovery requests seeking discoverable information in a format other than a paper format should specify the nature of the format sought.  Defendant will endeavor to preserve all electronic information relevant to Plaintiff's claims.

Respectfully submitted this 31st day of August, 2020.

/s/ Stacy L. Bellinger.
Stacy L. Bellinger (ASB-3470-D63S)
Attorney for Defendants
Christopher East
Attorneys for the Defendants
City of Montgomery Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 625-2050
sbellinger@montgomeryal.gov
ceast@montgomeryal.gov


/s/ Griffin Sikes, Jr.
Griffin Sikes, Jr.
H. E. (Chip) Nix, Jr.
Attorneys for Plaintiff
Post Office Box 11234
Montgomery, Alabama 36111
(334) 233.4070
sikeslawyer@gmail.com
lawyernix@gmail.com