IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER PETTAWAY, as Administrator of the Estate of Joseph Lee Pettaway, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CPL. NICHOLAS D. BARBER and SGT. MICHAEL D. GREEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

)   CASE NO. 2:19-cv-8-JTA

## AMENDED SCHEDULING ORDER

Pursuant to this court's Order (Doc. No. 105), the parties filed a Report of Parties' Planning Meeting, (Doc. No. 107), on August 31, 2020.  Accordingly, it is

ORDERED that the Uniform Scheduling Order (Doc. No. 71), and the Amended Scheduling Order (Doc. No. 99) are hereby AMENDED as follows:

**SECTION 1:  Trial and Pretrial Dates.** An on-the-record pretrial conference is scheduled for **October 20, 2021, at 10:00 a.m.,** in Courtroom 4B, Frank M. Johnson Jr. United States Courthouse Complex, 1 Church Street, Montgomery, Alabama 36104. This cause is set for trial during the term of court commencing on **December 6, 2021,** in Montgomery, Alabama.

**SECTION 2:  Dispositive Motions.**  Dispositive motions, *e.g.*, motions for summary judgment, shall be filed no later than **April 24, 2021.** A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference may result in the evidence not being considered by the court.

**Daubert motions** shall be filed on or before the above dispositive motion deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

**SECTION 3:  The Parties' Settlement Conference.**  No later than **March 24, 2021**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  Not more than FIVE (5) DAYS after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation or a settlement conference with the presiding judge will assist them in resolving this case short of trial.

**SECTION 4:  Amendments to Pleadings.**  Motions to amend the pleadings and to add parties shall be filed by the parties, on or before **November 25, 2020**.

**SECTION 5: Class Certification.**  Motions for class certification are not permitted without prior leave of court.

**SECTION 6:  Responses to Motions.**  The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 7:  Discovery Cutoff.**  All discovery shall be completed on or before **March 24, 2021**, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses .

**SECTION 8:  Expert Witness Disclosures**.  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before **January 25, 2021.**

From the defendant(s), on or before **February 24, 2021.**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.  Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

**SECTION 9: Trial Witness Lists.** No later than **October 25, 2021,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.  Objections to any witness identified must be filed no later than 28 days before the trial date and shall set out the grounds and legal authority.  The offering party shall file a written response to objections no later than 21 days before the trial date.

**SECTION 10: Deposition Designations.** No later than **October 25, 2021,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible.  Designation of entire depositions is not allowed. Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are filed 28 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.  Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.  The offering party shall file a written response to objections no later than 21 days before the trial date.

**SECTION 11: Trial Exhibits.** No later than **October 25, 2021,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspecting all exhibits and tangible evidence to be used at the trial.  <u>Proffering counsel shall have such evidence marked for identification prior to trial.</u>  The list shall identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence.  Objections shall be filed 28 days prior to the trial date, and shall set forth the grounds and legal authorities.  The offering party shall file</u>

<u>a written response to the objections no later than 21 days prior to trial and shall include a pre-marked copy of the evidence at issue.</u>

**SECTION 12: Discovery Plan.** Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting (**Doc. No. 107**) is adopted and incorporated herein.

**SECTION 13: Voir Dire.** *If a jury trial*: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 21 days prior to the trial date unless said time is shortened by the court on motion of either party**.** Objections to motions in limine, fully briefed, must be filed on or before 14 days before the trial date. Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov.

**SECTION 14: <u>Trial Date Defined.</u>** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date on which the term of court commences as specified in **SECTION 1**.

**SECTION 15: General Provisions**

(A)   All briefs on any matter before the court must be formal in format and filed with the Court. The Court does not accept "letter briefs" or "letter reports."

(B)   A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C)   Any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to, **propord_adams@almd.uscourts.gov**. For these purposes, the electronic copy should be in Word format and not in Adobe Acrobat PDF format. If the proposed order relates to discovery matters, *e.g.*, a HIPAA order or protective order, an electronic copy of the proposed order should be sent to **propord_adams@almd.uscourts.gov**.

(D)     If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this Order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this Order is modified by subsequent Order of the court, the provisions herein above set out are binding on the parties.

DONE this 1st day of September, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE