IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER PETTAWAY, as Administrator of the Estate of Joseph Lee Pettaway, deceased, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No. 2:19-CV-08-JTA<br>) |
| CPL. NICHOLAS D. BARBER and<br>SGT. MICHAEL D. GREEN | )<br>)<br>) |
| Defendants. | ) |

**CITY OF MONTGOMERY'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE DESIGNATION OF "CONFIDENTIAL" FOR NICHOLAS BARBER'S BODY CAM RECORDING AND PLAINTIFF'S MOTION TO FILE UNDER SEAL**

COMES NOW City of Montgomery ("City"), by and through undersigned council, and in response to this Court's Order (Doc. 112), submits the following response to Plaintiff's Motion to Strike the Confidential Designation for Nicholas Barber's Body Cam Recording (Doc. 109) and Plaintiff's Motion to File Under Seal. (Doc. 110).  As grounds for said motion and response, City states unto the Court as follows:

1.  Pursuant to Plaintiff's subpoena duces tecum, the non-party City provided Plaintiff with a number of documents as well as several audio and video files.  Those items were provided after this Court entered the protective order that had been previously agreed to by Plaintiff, Defendants, the non-party City, and the non-party Alabama Law Enforcement Agency.  (Doc. 101).  The City designated the video of Defendant Barber's body camera from the incident giving rise to this cause of action as COM00001, and in accordance to the protective order, asserted that said video was designated as confidential because it contained

confidential and personally identifying information of parties and non-parties, and that it contained graphic and sensitive images.  On August 30, 2020, Counsel for Plaintiff sent a letter to undersigned asserting that the City had not designated any specific information and that unless specific information was identified by September 4, 2020, he would file a motion to strike all the confidentiality designations.  On September 3, 2020, Plaintiff's counsel sent written correspondence noting that the City had not responded to his August 30, inquiry.  On September 4, 2020, undersigned responded in writing, asserting that the confidentiality log that was included at the time the materials were produced to Plaintiff, did, in fact, designate what information was deemed confidential.  The undersigned continued, noting that if Plaintiff's counsel had specific questions or disagreements about any of the designations, he should identify what information he disagreed with and explain why he disagreed.  This was consistent with the provisions of Paragraph (d) of this Court's Order (Doc. 101), which provides that "[i]f the receiving party disagrees with any designations of any information as "confidential" the receiving party will communicate such disagreements about *particular* information designated as "confidential" to the producing party". (emphasis added).  It does not appear that Counsel for Plaintiff ever responded to undersigned's September 4, 2020, request, but instead simply filed his motion to strike.

    2.     Plaintiff correctly emphasizes that it is information that is to be designated as confidential.  However, Plaintiff incorrectly concludes that fact serves to automatically preclude the designation of a document in its entirety.  See <u>Smith & Nephew, Inc. v. N.H. Ins. Co.</u>, 2010 U.S. Dist. LEXIS 135760 (holding that "the parties should designate as confidential only the portions of documents that meet the criteria set forth in the Protective Order; however, in the event that an entire document meets the criteria set forth in the Protective Order, the

document may be designated confidential in its entirety"); S2 Automation LLC v. Micron Tech., Inc., 283 F.R.D. 671, 686 (D.N.M. 2012) (holding that "[s]ometimes it is better and more simple just to designate a document as confidential to facilitate speedy production of discovery"); Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists, No. 1:07-cv-997-DFH-TAB, 2008 U.S. Dist. LEXIS 80688 (S.D. Ind. Oct. 10, 2008) (holding that "requiring counsel to scour each document in a massive electronic discovery production to parcel out which portions of which documents should properly be designated as confidential undoubtedly adds additional burdens and expense to the litigation").  Even this Circuit has held that document by document designation, as opposed to page by page, or in this case, second by second, is the emerging norm and "the parties may agree to a more onerous, time-consuming, and expensive page-by-page or section-by-section designation procedure, but the Court is not going to require it in the absence of an agreement or a demonstrated failure to designate in good faith".  Procaps S.A. v. Patheon Inc., No. 12-24356-CIV, 2013 U.S. Dist. LEXIS 126065 (S.D. Fla. 2013).

3. To settle disputes of confidentiality the 11th Circuit has historically used a balancing test which considers a "party's interest in obtaining access against the other party's interest in keeping the information confidential." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F. 3d 1304, 1313 (11th Cir. 2001).  Rule 26(c)(1), F.R.Evid., provides, in pertinent part, that protective orders are appropriate "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…."

4. Plaintiff's exhibit A is only an excerpt of the entire body camera video that was provided pursuant to the subpoena, and that excerpt has been digitally altered as Plaintiff acknowledges.  Speaking only to the excerpt Plaintiff provided the Court, the video shows the

interior of a third-party citizen's personal residence.  The excerpt also shows bloody and graphic images of Mr. Pettaway.  The City submits that those are the very type of images that should remain confidential.   Furthermore, the remaining portions of the video that Plaintiff did not provide the Court contain audio of the third-party citizen who owns the residence giving his name and date of birth, and of the third-party citizen who was inside the residence giving his name and personal address.  The remainder of the video also contains audio of the police communications operator dispatching other police officers to other locations in Montgomery, including referencing some businesses by name and providing some addresses as well.

5. Allowing Plaintiff to freely use his designated portions of Barber's body cam at his discretion would expose the City and its officers to "annoyance, embarrassment, oppression, and undue burden," particularly in this time where law enforcement is squarely in the spotlight around the country.  And the vitriolic tenor of Plaintiff's argument underscores that concern.

6. Furthermore, striking the designation of confidential would prove to be unfairly and unduly prejudicial to the Defendants in this case.  The 11th Circuit has established that unfairly prejudicial evidence would "tend to cause the jury to come to a conclusion based upon other reasons other than those that are relevant to the claims or defenses".  Burkhart v. R.J. Reynolds Tobacco Co., 2014 U.S. Dist. LEXIS 200593 (M.D. Fla. Apr. 28, 2014). Viewing Officer Barber's body camera footage out of context and with no further explanation would lead the jury (and public as a whole) to arrive at a conclusion based solely on emotion.  The jury would be influenced by the depiction of events that suits Plaintiff's narrative.  Not to mention the potential of creating and/or facilitating civil unrest based on the graphic images alone.  This concern, again, is clearly demonstrated in the sensationalistic but misleadingly incomplete mosaic set out in Plaintiff's motion to strike.

7. The contention that Plaintiff, who is apparently the decedent's brother, "is the only person or party in this case that has any right or standing to claim the video is confidential and should be "protected" from dissemination and disclosure" is unfounded. Using that logic, anyone else with a familial relationship to Joseph Lee Pettaway would also have standing to challenge confidentiality. This means that that right, does not solely rest with Walter Pettaway. Additionally, the third-party City clearly has standing to assert confidentiality to protect its interests and the interests of third-parties whose confidential information is divulged and the safety and well-being of its police officers. Finally, the individual Defendants also have standing to assert confidentiality as parties to the case seeking to have the finder of fact make determinations based only on the facts and evidence as presented within the confines of the court proceedings.

**Wherefore premises considered** the undersigned respectfully asks this Court to deny the Plaintiff's Motion to Strike the Designation of "Confidential" for Nicholas Barber's Body Cam Recording.

Respectfully submitted this the 25th day of September, 2020.

/s/ Christopher R. East
Christopher R. East
**ASB-2206-S82E**

**OF COUNSEL:**
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL  36101-1111
Telephone:  334.625.2050
Facsimile: 334.625.2310
ceast@montgomeryal.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 25th day of September, 2020:

Griffin Sikes, Jr.
Post Office Box 11234
Montgomery, AL 36111
Phone: (334) 233-4070
sikeslawyer@gmail.com

H.E. Nix, Jr.
7515 Halcyon Pointe Drive
Montgomery, AL 36117
Phone: (334) 279-7770
cnix@nixattorney.com

/s/ Christopher R. East
Of Counsel