IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WALTER PETTAWAY,
as Administrator of the Estate
of Joseph Lee Pettaway, deceased,

        Plaintiffs,

v.                                                Civil Action No.: 2:19-cv-0008-ECM

NICHOLAS D. BARBER
et al.,

        Defendants.

## JOINT RULE 26(f) REPORT OF THE PARTIES

Pursuant to Rule 26(f) Federal Rules of Civil Procedure, conferences were held on May 10, 2021, May 18, 2021, and June 1, 2021, which were attended by:

    a.    H. E. Chip Nix, on behalf of Plaintiff Walter Pettaway, as Administrator of the Estate of Joseph Lee Pettaway, deceased;

    b.    Chris East and Madelyn Mauldin, on behalf of the Defendants herein other than Justin Thrasher and Neal Flournoy; and

    c.    John Norris, on behalf of Neal Flournoy.

    d.    Mr. Thrasher, who has not appeared in the case and has not had counsel submit an appearance for him, did not participate in the conference.

## REPORT

The Parties jointly make the following report regarding their proposals on scheduling and a discovery plan:

### 1.    INITIAL DISCLOSURES

Initial disclosures have been made by all Parties appearing in the case to date. The Parties respectfully reserve the right to challenge the sufficiency of any initial disclosures made in the case.

**2.    DISCOVERY PLAN AND SCHEDULING**

The parties propose the following discovery plan:

- a. Discovery will be needed regarding the claims of the Plaintiff, the damages alleged and the responses and defenses of the Defendants.

- b. All discovery will be commenced in time to be completed by April 25, 2022, except with respect to those witnesses whose names and/or identities are not revealed or reasonably ascertainable through the discovery process with sufficient time for the other parties to take a deposition prior to the pre-trial conference. In that event, the opposing parties shall be allowed by the other parties adequate time for deposing of such witness(es).

- c. Consistent with Rule 33(a) F.R.C.P., the parties shall be allowed 25 interrogatories per party, including sub-parts.

- d. In that Request for Admissions and Requests for the Production of Documents and Things are not limited in number by the Federal Rules of Civil Procedure, the parties shall have no limitation on Requests for Admissions and Requests for Production of Documents and Things.

- e. In that there is no limitation on the number of depositions that may be taken in the Federal Rules of Civil Procedure, there shall be no limitation on the number of depositions taken in this case.

- f. Expert Witness Disclosures -- The parties shall disclose to each other the identity of any person who may be used at trial to present evidence and shall provide signed reports, CVs, and testimony lists from retained experts under Rule 26(a)(2) as follows:

    - i. From the Plaintiff, on or before February 8, 2022;
    - ii. From the Defendants, on or before March 10, 2022;
    - iii. Signed expert reports shall be submitted on the dates set forth above, along with several alternative dates and times when said expert may be deposed by the other side.

- g. Trial Witness Lists – No later than September 15, 2022, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Objections to witness lists shall be filed

no later than September 29, 2022. Replies to objections to witness lists shall be filed no later than October 6, 2022.

h. Deposition Designations/Trial Exhibits – No later than September 15, 2022, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations and a list of trial exhibits that the parties expect to use at trial. Deposition designations must be by page and line numbers based on counsel's good-faith opinion that they are relevant and admissible. The designation of entire depositions is not allowed. Objections to deposition designations and trial exhibit lists shall be filed no later than September 29, 2022. Replies to these objections shall be filed no later than October 6, 2022. The provision of a final list of exhibits, along with a copy of any previously-unproduced exhibits, is to be exchanged under Rule 26(a)(3) by September 15, 2022.

i. Voir dire, motions in limine, and any proposed jury instructions, together with citations of law thereon, shall be filed by the parties no later than October 17, 2022. Objections to voir dire, motions in limineand any proposed jury instructions shall be filed no later than October 24, 2022.

j. All potentially dispositive and Daubert motions should be filed no later than June 14, 2022.

k. This case should be ready for trial for the Court's November 14, 2022, trial term in Montgomery, Alabama; and, at this time, the trial is expected to last between six and eight days, including jury selection.

3. **OTHER SCHEDULING AND MISCELLANEOUS ITEMS**

   a. The parties do request a conference with the Court prior to entry of the Scheduling Order.

   b. The parties request a pre-trial conference on or about September 14, 2022.

   c. The parties shall be allowed until 77 days after entry of the Scheduling Order to join additional parties and amend the pleadings.

   d. The parties shall further evaluate settlement after written discovery has been exchanged and initial depositions taken.

   e. The usefulness of alternative dispute resolution procedures cannot be evaluated until the parties have conducted adequate discovery and engaged in dispositive motion practice. At this time, the parties have not taken any depositions because the Plaintiff has only recently added additional parties defendant and because this amendment occasioned the entry into the case of six new Defendants and one additional cause of action.

f.  Production of Electronic Data: To the extent that it exists, the parties will produce relevant, non-privileged electronic information in paper format or in pdf unless the opposing party demonstrates the need to receive the electronic information in a format other than a paper format. Discovery requests seeking discoverable information in a format other than a paper format, should specify the nature of the format sought. The parties shall preserve all electronic information concerning and/or relevant to the Plaintiff's claims and the Defendants' defenses.

Respectfully submitted this 8th day of June, 2021,

/s/ **H. E. Nix, Jr.**
H. E. Nix, Jr. (ASB-6988-X54H)
Attorney for Plaintiff
7505 Halcyon Pointe Drive
Montgomery, AL 36117
Phone: 334.279.7770
E-mail: cnix@nixattorney.com

/s/ **Griffin Sikes, Jr.**
Griffin Sikes, Jr.
Attorney for Plaintiff
Post Office Box 11234
Montgomery, Alabama 36111
Phone: 334.233.4070
E-mail: sikeslawyer@gmail.com

/s/ *Christopher R. East*
Christopher R. East (ASB-2206-S82E)
/s/ *Madelyn Kay Mauldin*
Madelyn Kay Mauldin, Esq.,
P. O. Box 1111
Montgomery, AL 36101-1111
Telephone: 334.625.2050
E-mail: ceast@montgomeryal.gov
mmauldin@montgomeryal.gov

/s/ *John Norris*
John Norris (ASB-8562-071J)
P. O. Box 241
Millbrook, AL 36054
Telephone: 334-285-0682
E-mail: norrisj@bellsouth.net