IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER PETTWAY, <br> as Administrator of the Estate of <br> Joseph Lee Pettway, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CPL. NICHOLAS D. BARBER., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO.: 2:19-cv-08-ECM <br> )                          (WO) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's Objections to the Magistrate Judge's Order (doc. 209) denying his motion to file exhibits to the third amended complaint as a public record instead of filing the exhibits under seal. (Doc. 220). The Plaintiff contends that the Magistrate Judge's order is "clearly erroneous" and "contrary to law." (*Id*. at 3).

Discovery in this case has been contentious. The parties have disagreed over the scope of the protective order and the Defendants' designation of video recordings as confidential. On September 14, 2020, the Plaintiff moved to strike the Defendants' "confidential" designation of Defendant Nicholas Barber's body camera recording. (Doc. 109). The Magistrate Judge held a hearing on the motion on October 19, 2020, and granted the Plaintiff another opportunity to file a motion to strike the confidentiality designations. (Doc. 127). The Plaintiff filed a motion to file his motion to strike out of time (doc. 128) which the Court granted. (doc. 131). On November 24, 2020, the Plaintiff filed a motion to strike the confidentiality designations of the entire Barber body camera recording and other video recordings. (Doc. 132). At the same time, the Plaintiff filed a motion to file a

second amended complaint. (Doc. 133). The Court subsequently granted the Plaintiff permission to file a second amended complaint. (Doc. 146).

On April 14, 2021, in a detailed order, the Magistrate Judge denied the Plaintiff's motions (docs. 109 and 132) to strike the confidentiality designations. (Doc. 173). Critically, the Plaintiff did not file any objections to the Magistrate Judge's order.

On August 20, 2021, the Plaintiff moved to file a third amended complaint which the Court granted on September 8, 2021. (Doc. 204). When the Plaintiff filed the third amended complaint, (doc. 205), he also sought leave to attach as exhibits numerous still photographs created from the body camera recordings. The Plaintiff filed a motion to unseal the exhibits reiterating his arguments from his earlier motions to strike the confidentiality designations. (Doc. 208). On September 16, 2021, the Court denied the Plaintiff's motion to unseal the exhibits. (Doc. 209). The Plaintiff then filed his Objection to the Court's September 16, 2021 order. (Doc. 220).

Pursuant to Fed. R. Civ. P. 72(a), when a party disagrees with a non-dispositive written order of the Magistrate Judge, the "party may serve and file objections to the order within 14 days after being served with a copy." In substance, the Plaintiff challenges the Magistrate Judge's April 14, 2021 order denying his motions to strike the confidentiality designations of the body camera recording and other videos. However, the Plaintiff did not timely object to the Magistrate Judge's order. The Court will not permit counsel to circumvent the Federal Rules of Civil Procedure by recasting an untimely objection to the Court's April 14, 2021 order as a timely one by tethering it to a more recent order. The Plaintiff's objections track his motions to strike the confidentiality designations (docs. 109

and 132), and he attacks the reasoning in the Court's April 14, 2021 order to which he did not object. The time to object to the Magistrate Judge's order expired on April 28, 2021. Thus, the objections to the Court's denial of the Plaintiff's motions to strike the confidentiality designations are untimely and due to be overruled.

Accordingly, upon review of the Plaintiff's Objection, the Order of the Magistrate Judge, and the record in this case, it is

ORDERED that, pursuant to FED. R. CIV. P. 72, the Plaintiff's Objections (doc. 220) are OVERRULED as they are untimely.

Done this 8th day of February, 2022.

                                             /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE