IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER PETTAWAY, as Administrator of the Estate of Joseph Lee Pettaway, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS D. BARBER, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACT. NO. 2:19-cv-8-ECM<br>)                         [WO]<br>)<br>)<br>) |

**O R D E R**

Now pending before the Court are the Plaintiff's objections to the Court's Amended Scheduling Order (doc. 250) filed on March 9, 2022, and the Plaintiff's motion to require the Defendants to disclose their expert witnesses by March 31, 2022[1] (doc. 268) filed on March 20, 2022. For the reasons explained below, the Plaintiff's objections (doc. 250) are due to be overruled, and the Plaintiff's motion (doc. 268) is due to be denied as moot.

The Plaintiff brought this action on January 4, 2019. (Doc. 1). The original complaint named as defendants the City of Montgomery, Ernest N. Finley, and numerous fictitious parties. (*Id.*). Thereafter, the Plaintiff filed a First Amended Complaint naming as defendants Nicholas D. Barber and Michael Green and dropping the City and Finley. (Doc. 21). The Plaintiff later sought and obtained the Court's leave to file a Second

---

[1] The title of the motion requests a disclosure date of March 31, 2022, but the body of the motion requests a disclosure date of March 28, 2022.

Amended Complaint naming additional defendants: Michael Green, Bianka Ruiz, Joshua Smith, Keiundra Watts, Ryan Powell, Justin Thrasher, and Neal Flournoy. (Doc. 147).

On June 21, 2021, the Court entered a Uniform Scheduling Order setting this case for trial on November 14, 2022 and setting deadlines for completing discovery, filing dispositive motions, and other matters. (Doc. 197). The Defendants' expert witness disclosure deadline was March 10, 2022; the discovery deadline was April 25, 2022; and the dispositive motions deadline was May 25, 2022. (*Id.* at 2–3). On September 8, 2021, the Plaintiff, with the Court's leave, filed a Third Amended Complaint adding the City and Finley as defendants. (Doc. 205).

On February 22, 2022, C. Winston Sheehan and Robert "Trip" DeMoss filed notices of appearance on behalf of the following Defendants: the City, Finley, Green, Ruiz, Smith, and Watts. (Docs. 228 & 229). The same day, the City, Finley, Green, Ruiz, Smith, and Watts (hereinafter "Moving Defendants") filed a motion for extension of certain deadlines. (Doc. 230). They sought an additional forty-five days to submit their expert witness disclosures, to complete discovery, and to file dispositive motions. (*Id.*). They represented that new counsel had recently been hired to represent them, that the case involved voluminous discovery, and that the Plaintiff had not provided dates for the depositions of the Plaintiff's experts. They also noted that the Plaintiff has amended the complaint three times. The motion indicated that counsel had "been unable to get in touch with all of the Defendants," (*id.* at 1, para. 2), and that counsel had contacted Plaintiff's counsel regarding the requested extension but Plaintiff's counsel had not responded, (*id.* at 2, para. 8). On February 24, 2022, the Court granted the motion to the extent that it entered an Amended

2

Scheduling Order resetting the trial to March 23, 2023, and extending all unexpired deadlines to the dates tied to that trial term, except that the Court extended the Defendants' expert witness disclosure deadline by only forty-five days. (Doc. 231). Under the Amended Scheduling Order, the discovery deadline is September 2, 2022, and the dispositive motions deadline is October 5, 2022. (*Id.* at 2).

The Plaintiff objects to the February 24, 2022 Amended Scheduling Order on the grounds that the Moving Defendants failed to demonstrate good cause to amend the June 21, 2021 Scheduling Order in their motion for extension of deadlines, (doc. 230). The Plaintiff contends that the Moving Defendants' prior counsel left their employment with the City's Legal Department in November and December 2021, but the City did not hire new counsel to represent the Moving Defendants until late February 2022. The Plaintiff argues that the City's failure to diligently hire new counsel and to explain the reason for the delay demonstrates that the Moving Defendants did not show good cause to extend any of the Scheduling Order deadlines. The Plaintiff also objects to the Amended Scheduling Order on the grounds that the Moving Defendants did not request a new Scheduling Order and that the Moving Defendants failed to follow the Court's rules before filing the motion for extension of deadlines. The Plaintiff requests that the Amended Scheduling Order be vacated and the June 21, 2021 Scheduling Order be restored, with the exceptions that the Court extend the Defendants' expert witness disclosure deadline to April 24, 2022, and allow the Plaintiff an additional thirty days, or until May 24, 2022, to depose such expert(s).

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard "precludes modification

3

unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting FED. R. CIV. P. 16 advisory committee's note to 1983 amendment). However, the Court also has "inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice." *Meeks v. Newcomb*, 2018 WL 1449286, at *2 (N.D. Ga. Feb. 16, 2018); *Gomez v. Trs. of Harvard Univ.*, 676 F. Supp. 13, 15 (D.D.C. 1987). Moreover, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the *just*, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (emphasis added).

The Court begins by addressing the Plaintiff's argument that the Moving Defendants failed to follow the Court's rules before filing the motion. The Plaintiff cites the Middle District of Alabama's Guidelines to Discovery, specifically the portion stating that "a telephone call or in person meeting addressing a discovery dispute is required before filing a motion to compel discovery." (Doc. 250 at 6). But the Defendants plainly did not file a motion to compel discovery. Moreover, the Court finds that the Moving Defendants complied with the then-applicable Scheduling Order's directive to indicate in the motion that they, "in a timely manner, previously contacted counsel for all other parties" and to state in the motion "whether counsel for all other parties agree to or oppose the extension request or motion." (Doc. 197 at 4). The Plaintiff concedes that Defendants' counsel emailed Plaintiff's counsel regarding the requested extension of deadlines before filing the motion. (Doc. 250 at 7). Thus, the Court finds the Plaintiff's argument unavailing.

The Court now turns to the Plaintiff's remaining arguments. Considering the representations in the motion for extension of deadlines, the fact that the City and Finley had been added back to the case in September 2021, and the fact that none of the deadlines the Moving Defendants sought to extend had yet expired, the undersigned found good cause to grant an extension of the expert witness disclosure, discovery, and dispositive motions deadlines. As explained in further detail in its memorandum opinion and order denying the Plaintiff's motion to recuse, the Court generally disfavors extending the dispositive motions deadline without also continuing the trial date. Moreover, because the Court has dedicated trial terms for civil jury trials, the Court ordinarily does not continue a trial date by the unit of time desired by the parties but rather continues it to the next available trial term. The Court entered a new Scheduling Order consistent with its general practice and to further its own efficient docket management.

The primary purpose of a Scheduling Order is to aid the Court in managing its docket. The parties need adequate time to prepare written submissions to the Court. The Court, in turn, needs adequate time to review those submissions and prepare its rulings. The Court's continuation of the case to its next available trial promoted efficient docket management. The Court is mindful that the Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. In this case, securing a just determination requires that some speed be sacrificed. Given the facts and circumstances of this case, including the case's complexity, the presence of multiple defendants, the voluminous discovery, and the addition of two defendants in September

2021, the Court finds that the Amended Scheduling Order, in affording all parties additional time to complete discovery and file dispositive motions, serves the interests of justice and should be not vacated.

Additionally, the Court finds untenable the Plaintiff's proposal to retain the June 21, 2021 Scheduling Order but extend the Defendants' expert witness disclosure deadline to April 24, 2022, and allow the Plaintiff an additional thirty days to depose such expert(s). Under the Plaintiff's proposal, the Plaintiff would have until May 24, 2022 to depose the Defendants' expert(s)—nearly one month after the June 21, 2021 Scheduling Order's discovery deadline of April 25, 2022, and only one day before the May 25, 2022 dispositive motions deadline. Notwithstanding the Plaintiff's position that the discovery deadline should not be extended, the Plaintiff's proposal in effect would extend the discovery deadline. Additionally, the Court cannot conceive how the parties could file dispositive motions one day after an expert's deposition, which is a possibility under the Plaintiff's proposal.

The Court now turns to the Plaintiff's motion to require the Defendants to disclose their expert witnesses by either March 31, 2022 or March 28, 2022, but in any event, a date earlier than the date set forth in the Amended Scheduling Order. Because the Court has concluded that the Amended Scheduling Order should remain in place, and because both deadlines referenced in the Plaintiff's motion have passed, the motion is due to be denied as moot. Alternatively, upon review of the motion, it appears to the Court that the motion is actually another objection to the Amended Scheduling Order disguised as a separate motion. The motion duplicates or elaborates upon arguments made in the Plaintiff's March

6

9, 2022 objections to the Amended Scheduling Order, except that the Plaintiff proposes a different deadline for the Defendants' expert witness disclosures in the motion (March 28 or 31, 2022) than in the objections (April 24, 2022).  The deadline for filing objections to the Amended Scheduling Order was March 10, 2022, fourteen days after entry of the Amended Scheduling Order (doc. 231 at 5); however, the motion was filed on March 20, 2022, ten days after the deadline.  Accordingly, the Court alternatively finds that the motion is due to be denied outright as untimely.

For the reasons stated, the Plaintiff's objections to the Amended Scheduling Order (doc. 250) are OVERRULED, and the Plaintiff's motion (doc. 268) is DENIED AS MOOT.

Done this 11th day of April, 2022.

                                              /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE