IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER PETTAWAY, as | ) | |
| Administrator of the Estate of | ) | |
| Joseph Lee Pettaway, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:19-cv-8-ECM |
| | ) | [WO] |
| NICHOLAS D. BARBER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the Court is Defendants City of Montgomery ("City") and
Ernest N. Finley's motion for leave to file amended answer (doc. 232) filed on February
24, 2022. The City and Finley seek to amend their answer to add a statute of limitations
affirmative defense. The motion is fully briefed and ripe for review. For the reasons
explained below, the motion is due to be denied.

The Plaintiff brought this action on January 4, 2019. (Doc. 1). The original
complaint named as defendants the City, Finley, and numerous fictitious parties. (*Id.*).
Thereafter, the Plaintiff filed a First Amended Complaint naming as defendants Nicholas
D. Barber and Michael Green and dropping the City and Finley. (Doc. 21). The Plaintiff
later sought and obtained the Court's leave to file a Second Amended Complaint naming
additional defendants: Michael Green, Bianka Ruiz, Joshua Smith, Keiundra Watts, Ryan
Powell, Justin Thrasher, and Neal Flournoy. (Doc. 147).

On June 21, 2021, the Court entered a Uniform Scheduling Order setting deadlines for completing discovery, filing dispositive motions, and other matters. (Doc. 197).  The Scheduling Order provided that amendments to the pleadings "shall be filed on or before September 7, 2021." (*Id.* at 2).  On August 20, 2021, the Plaintiff filed a motion for leave to file a Third Amended Complaint adding the City and Finley as defendants and asserting a *Monell*/supervisory liability claim against them. (Doc. 200).  On September 8, 2021, the Court granted the Plaintiff's motion, (doc. 204), and the Plaintiff filed the Third Amended Complaint the same day, (doc. 205).

The City and Finley filed an Answer to the Third Amended Complaint on September 22, 2021. (Doc. 215).  The Answer raised twenty-eight affirmative defenses. (*Id.* at 21–24).  The statute of limitations was not among them. (*Id.*).  Over five months after the deadline for amending pleadings had passed, the City and Finley filed a motion for leave to amend their answer to add a statute of limitations affirmative defense. (Doc. 232).  While the Court had entered an Amended Scheduling Order earlier on the same day the City and Finley filed their motion for leave, the Court did not extend the deadline for amending pleadings because the deadline had already expired. (Doc. 231 at 2).  Neither the City nor Finley objected to the Amended Scheduling Order.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend pleadings is to be "freely given when justice so requires."  However, because the City and Finley sought leave to amend after the Scheduling Order's deadline, they must first demonstrate "good cause" to modify the Scheduling Order under Rule 16(b)(4) before the Court will consider whether the amendment is proper under Rule 15. *Sosa v. Airprint Sys.,*

*Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); FED. R. CIV. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").  The "good cause" standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting FED. R. CIV. P. 16 advisory committee's note to 1983 amendment).

The City and Finley have not shown good cause to modify the Scheduling Order's deadline for amending pleadings.  In their motion, they neither cited Rule 16 nor argued that they have shown good cause for filing an amended answer after the Scheduling Order deadline.  Indeed, their filings fail to acknowledge that they are seeking leave to amend over five months after the deadline.  They state in their motion that they recently obtained new counsel, discovery is ongoing, and the Plaintiff has been allowed to amend the complaint three times.  However, the Court fails to discern how these circumstances demonstrate that the City and Finley were unable, despite their diligence, to comply with the September 2021 deadline for amending pleadings.  They also contend that the Plaintiff would not be prejudiced by the amendment.  But "[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870939, at *2 (S.D. Ala. Sept. 12, 2013); *see also id.* (collecting cases).  Thus, an argument that "[the Plaintiff] would not be prejudiced if the amendment were permitted cannot help [the City and Finley] in the absence of a threshold showing of diligence." *Id.*

In their reply brief, the City and Finley explain in greater detail the grounds for the affirmative defense they now wish to assert.  Nonetheless, they still fail to argue that they

have shown good cause for the late amendment,[1] even though the Plaintiff argued lack of good cause in its response.  In any event, the City and Finley fail to identify any new facts supporting the statute of limitations defense that would not have been apparent when they filed their original Answer.  Moreover, there is no evidence or argument that the information supporting the statute of limitations defense was not available to them prior to the Scheduling Order deadline.  That the City and Finley have hired new lawyers who perceive a different or additional affirmative defense "from the same set of facts is itself no excuse for the late filing of an amended [answer]." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981) (discussing motion for leave to amend under Rule 15 standard and affirming district court's denial of motion).[2]  Thus, the Court finds that the City and Finley have failed to demonstrate good cause to amend their answer five months after the Scheduling Order deadline.

For the reasons stated, the City and Finley have not demonstrated good cause to modify the Scheduling Order to amend their answer. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, their motion for leave to file amended answer (doc. 232) is DENIED.

Done this 11th day of April, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Even if they had, courts ordinarily do not consider arguments presented for the first time in a reply brief. *See Hope for Families & Cmty. Serv., Inc v. Warren*, 721 F. Supp. 2d 1079, 1190 n.121 (M.D. Ala. 2010).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.