```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF ALABAMA
                         NORTHERN DIVISION


   WALTER PETTAWAY, as    )
   Administrator of the   )
   Estate of Joseph Lee   )
   Pettaway, deceased,    )
          Plaintiffs,     )
                          )
   VS.                    )CIVIL ACTION NO:
   NICHOLAS B. BARBER     ) 2:19-CV-0008
   and MICHAEL B. GREEN,  ) DEPOSITION OF:
          Defendants.     )   RYAN POWELL


                    S T I P U L A T I O N S


            IT IS STIPULATED AND AGREED, by and
   between the parties through their respective
   counsel, that the deposition of:
                       RYAN POWELL,
   may be taken before Merit Gilley, Commissioner
   and Notary Public, State at Large, at the
   Montgomery City Hall, 103 N. Perry Street,
   Montgomery, Alabama 36104, on the 5th day of
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 1

1  October, 2021, commencing at approximately
2  9:00 a.m.
3
4           IT IS FURTHER STIPULATED AND AGREED
5  that the signature to and reading of the
6  deposition by the witness is waived, the
7  deposition to have the same force and effect as
8  if full compliance had been had with all laws
9  and rules of Court relating to the taking of
10 depositions.
11
12          IT IS FURTHER STIPULATED AND AGREED
13 that it shall not be necessary for any
14 objections to be made by counsel to any
15 questions, except as to form or leading
16 questions, and that counsel for the parties may
17 make objections and assign grounds at the time
18 of the trial, or at the time said deposition is
19 offered in evidence, or prior thereto.
20                          ***
21
22
23
24
25

Case 2:19-cv-00008-ECM-JTA   Document 371-17   Filed 10/04/22   Page 3 of 19

Walter Pettaway vs Nicholas D. Barber, et al.                    Ryan Powell
                                                                  10/5/2021

1         I, Merit Gilley, a Court Reporter of
2  Birmingham, Alabama, and a Notary Public for the
3  State of Alabama at Large, acting as
4  Commissioner, certify that on this date, as
5  provided by the Federal Rules of Civil Procedure
6  and the foregoing stipulation of counsel, there
7  came before me on the 5th day of October, 2021,
8  at the offices of Montgomery City Hall, 103 N.
9  Perry Street, Montgomery, Alabama 36104,
10 commencing at approximately 9:00 a.m., RYAN
11 POWELL, witness in the above cause, for oral
12 examination, whereupon the following proceedings
13 were had:
14                 RYAN POWELL,
15 being first duly sworn, was examined and
16 testified as follows:
17                 EXAMINATION
18 BY MR. SIKES:
19 Q       Good morning, sir.  I'm Griffin
20 Sikes.  I'm a lawyer for -- representing the
21 estate of Mr. Joseph Lee Pettaway.
22        Tell me your full name, please, sir.
23 A       Ryan Wayne Powell.
24
25

Case 2:19-cv-00008-ECM-JTA   Document 371-17   Filed 10/04/22   Page 4 of 19

Walter Pettaway vs Nicholas D. Barber, et al.                    Ryan Powell
                                                                 10/5/2021

```
 2   \

 4           Okay.  And what did you -- for --
 5   did you have employment elsewhere when you quit?
 6   A           I started with Montgomery -- the
 7   City of Montgomery.
 8   Q           Were you -- you started training
 9   with APOST; right?
10   A           Yes, sir.
11   Q           Okay.  And you did your APOST
12   training then --
13   A           I think --
14   Q           -- sometime during the spring or
15   summer of 2000 and --
16   A           I started with the City of
17   Montgomery in February of 2017.
18   Q           Uh-huh.
19   A           And I got done with academy in
20   August of 2017.
21   Q           Uh-huh.  We're here about the death
22   of Joseph Lee Pettaway that occurred in July of
23   2018?
24   A           Yes, sir.
25   Q           So you would have been a police
```

Case 2:19-cv-00008-ECM-JTA   Document 371-17   Filed 10/04/22   Page 5 of 19

Walter Pettaway vs Nicholas D. Barber, et al.                                    Ryan Powell
                                                                                 10/5/2021

17          Are you presently employed by the
18 Montgomery police Department?
19 A       No, sir.
20 Q       When did you leave the Montgomery
21 Police Department?
22 A       August of 2019 -- or April of 2019.

```
 22  Q.        The time you were -- at -- at any time
 23  after you arrived at Cresta Circle that
 24  evening -- that night, was -- other than you
 25  said -- you said
```

1-888-326-0594 depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 26

```
 1   that -- I think the way you termed it was that
 2   Barber announced his presence.
 3              You're talking about what he did at
 4   the front door just before he let the dog in;
 5   correct?
 6   A         Correct.
 7   Q         Okay.  Other than that, do you
 8   recall any attempt at any time by anyone out
 9   there to communicate with whoever might be
10   inside the house?
11   A         I don't remember.
12   Q         Okay.  You don't remember any?
13   A         I don't remember any.
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 27

```
 7            Is that what you recollect that
 8   that's -- that there was a period of time that
 9   he lay out there on the sidewalk bleeding?
10   A         Correct.
11   Q         Okay.  During any of these times,
12   did you or anybody else from the Montgomery
13   Police Department or anybody else ever attempt
14   to provide any medical care or first aid to Mr.
15   Pettaway?
16   A         No.
17   Q         Do -- you're a high school graduate?
18   A         Yes, sir.
19   Q         Okay.  Do you know that when someone
20   is bleeding heavily; if the amount of blood
21   being lost is not reduced, that person is in
22   danger of dying?
23   A         Correct.
24   Q         Okay.  You knew that in July of
25   2018; correct?
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 33

```
 1   A          Correct.
 2   Q          I mean, that's common knowledge,
 3   isn't it?
 4   A          Yes.
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 34

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22   Q          Since we filed the claim against you
23   and the other police officers, there has been
24   testimony given by former police chief Ernest
25   Finley -- he was the police chief at the time in
```

1-888-326-0594 depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 35

```
 1   July of 2018; correct?
 2   A         Correct.
 3   Q         I'm going to ask you -- I'm going to
 4   show you what's a Montgomery Police Department
 5   directive.  It was Exhibit 3 to Mr. Finley's
 6   deposition.
 7             (Plaintiff's Finley Exhibit 3
 8              was produced for reference.)
 9   Q         And I'm going to ask you if you can
10   recollect seeing that?
11   A         Correct.
12   Q         I'm sorry?
13             You'd seen that before?
14   A         I have.
15
16
17
18
19
20
21
22
23
               MR. SIKES:  3.3.5.
24   Q         Did the Montgomery Police Department
25
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 36

```
 1   give you any training in first aid or certify
 2   you in first aid or any other kind of medical
 3   care?
 4   A          Only CPR.
 5   Q          Sorry.  And, actually, the
 6   Montgomery Police Department didn't train you in
 7   that, did they?
 8              Wasn't that APOST?
 9   A          Correct.
10   Q          At the academy?
11   A          Correct.
12   Q          And it was about a one-hour course
13   or something like that?
14   A          Correct.
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 37

```
 9   Q         Other than that, do you recall any
10   training by APOST prior to becoming a police
11   officer?
12   A         No.
13   Q         And after you became a police officer
14   -- sworn as a police officer, did the Montgomery
15   Police Department ever provide you with any
16   training in any kind of first aid or medical
17   care?
18   A         No.
19   Q         Okay.  Do you know if it provided it
20   to any other police officer?
21   A         Not that I'm aware of.
22   Q         Okay.  And did you consider yourself
23   trained or certified to render aid to people who
24   were profusely bleeding?
25   A         I've never been trained to stop
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 38

```
 1  bleeding.
 2  Q           Okay.  And so you know -- the answer
 3  is, no, you didn't consider yourself trained?
 4  A           Correct.  That is --
 5  Q           And, certainly, you weren't
 6  certified to stop or arrest or retard people who
 7  had suffered a wound that was -- they were
 8  bleeding heavily from; correct?
 9  A           Correct.
10  Q           Look at the last line of directive
11  3.3.5 in front of you.
12              Do you see the paragraph C there?
13  A           Yes, sir.
14  Q           Would you read that?
15  A           Medical aid is to be rendered by
16  only those trained and/or certified to render
17  such aid.
18  Q           And you had no such training?
19  A           Correct.
20  Q           And you know -- you don't know of
21  any other police officers that had that
22  training; correct?
23  A           Correct.
24  Q           Well, so did you understand this to
25  be a directive to you to not -- for you not to
```

1-888-326-0594 depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 39

```
 1   provide any medical care or attempt to try to
 2   provide medical care?
 3   A         Correct.
 4   Q         Okay.  I'm going to show you the
 5   deposition of Ernest Finley, a portion of the
 6   deposition that has been marked Plaintiff's
 7   Exhibit C to a prior deposition.
 8             (Plaintiff's Exhibit C was
 9              produced for reference.)
10   Q         I'll represent to you this is the
11   deposition testimony given by Chief Finley.
12   And the question put to Chief Finley was:  Your
13   testimony is that MPD policy 3.3.5 did not
14   require a policeman who caused, say, a
15   life-threatening injury such as arterial
16   bleeding, they don't have any obligation to
17   themselves provide first aid to stop or reduce
18   the flow of blood necessary to avoid loss of
19   life; correct?
20             And what was Chief Finley's answer?
21   A         Correct.
22   Q         And do you agree with Chief Finley
23   about that?
24   A         I do.
25   Q         Okay.  Do you remember or do you
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 40

Case 2:19-cv-00008-ECM-JTA   Document 371-17   Filed 10/04/22   Page 16 of 19

Walter Pettaway vs Nicholas D. Barber, et al.                        Ryan Powell
                                                                     10/5/2021

```
 1  know Lieutenant Andre Carlisle by any chance?
 2  A          I know him.  Yes, sir.
 3  Q          Okay.  Did he train you, or was he
 4  head of training when you were there, or do you
 5  know?
 6  A          He was not.
 7  Q          Okay.  I'm going to show you
 8  Plaintiff's Exhibit B.  It's a portion of
 9  Lieutenant Carlisle's deposition.
10             (Plaintiff's Exhibit B was
11              produced for reference.)
12  Q          And Lieutenant Carlisle there was
13  asked:  From -- from 2015 until January of 2021,
14  during that period of time, there were no
15  circumstances under which Montgomery police
16  officers were required to provide hands-on first
17  aid or medical care to an injured person;
18  correct?
19             And the answer was:  You mean when
20  there's a policy in place?
21             And he answers, Yes, sir.
22             And I -- he asked:  Is that what
23  you're asking?
24             Yes, sir.  Were they required by
25  policy?
```

```
 1                 And he says, To do hands on?
 2                 I said, Right.
 3                 And he said, No.
 4                 Correct?
 5       A         Correct.
 6       Q         I then asked:  Under no
 7       circumstances that you know of was that
 8       required?
 9                 And his answer was what?
10       A         Under no circumstances that I know
11       of.
12       Q         Is that consistent with your
13       understanding of what Montgomery Police
14       Department policy was in July of 2018?
15       A         Yes, sir.
16       Q         There were no circumstances.  It
17       didn't matter what the injury was, how severe it
18       was, how likely it was that, if not treated,
19       death would ensue.
20                 Under no circumstances were you
21       required to provide medical care; correct?
22       A         Correct.
23       Q         All right.  And, in fact, if you
24       weren't trained for it, you were prohibited from
25       doing it; correct?
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 42

```
 1   A        Correct.
 2   Q        Is that correct?
 3   A        Yes, sir.
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25            The policy of Montgomery Police
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 43

Walter Pettaway vs Nicholas D. Barber, et al.

Ryan Powell
10/5/2021

```
 1   Department was not to provide any kind of
 2   medical training or first aid to any of its
 3   police officers; correct?
 4   A          Correct.
 5   Q          All right.  And coupled with that,
 6   it also provided that if you weren't trained or
 7   certified in providing first aid or medical
 8   care, then you were prohibited from providing
 9   medical aid or first aid; correct?
10   A          Correct.
11   Q          In retrospect, do you think those
12   two policies are good and wise policies?
13   A          In retrospect with this incident?
14   No.
15
16
17
18
19
20
21
22
23
24
25
```

1-888-326-0594  depos@bainandassociates.com
Bain & Associates Court Reporting Services, Inc.

Page: 44