IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER PETTAWAY, as administrator of the Estate of Joseph Lee Pettaway, deceased, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS D. BARBER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACT. NO. 2:19-cv-008-ECM <br> ) (WO) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is Plaintiff Walter Pettaway's ("Pettaway") Motion to Reconsider (doc. 439), filed on February 7, 2023. Pettaway requests that the Court alter its January 31, 2023 Memorandum Opinion and Order (doc. 433) granting the Defendants' summary judgment motion on Pettaway's *Monell* claim, carrying with the case Pettaway's summary judgment motion on his excessive force claim, and denying Pettaway's motion to exclude the testimony of Defendants' expert Stephen Boudreau. Having carefully reviewed the motion, briefs, and accompanying law, the Court finds that Pettaway's motion for reconsideration is due to be DENIED.[1]

---

[1] The sole remaining claim in this case is currently pending before the Eleventh Circuit on interlocutory appeal. Accordingly, Pettaway's motion for a status conference (doc. 440) is due to be denied. Barber's motion to stay proceedings (doc. 444) is due to be granted.

## II.  STANDARD

Any "reconsideration of an order is an extraordinary remedy and is employed sparingly."[2] *Hadley v. Coffee Cnty. Comm'n*, 2022 WL 2057762, at *2 (M.D. Ala. June 7, 2022) (citations omitted).  Generally, relief is available under Rule 59(e) when there has been (1) a manifest error of law, (2) manifest error of fact, or (3) newly-discovered evidence. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  A Rule 59(e) motion, however, cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

## III.  DISCUSSION

The facts, parties, and claims in this case are discussed at length in this Court's January 31, 2023 Memorandum Opinion and Order (doc. 433).  The Court will address Pettaway's arguments for reconsideration in the order in which they were presented.

### A. *Monell*

Pettaway first asks this Court to amend its Order granting the Defendants' motion for summary judgment on his *Monell* claim.  Pettaway argues that the Court committed clear error because its findings are inconsistent with *Barnett v. MacArthur*, 956 F.3d 1291 (11th Cir. 2020).  Under *Barnett*, Pettaway argues, the city of Montgomery may be held liable on a *Monell* claim despite none of the individual officers committing a constitutional violation.  Pettaway did not make this argument or cite *Barnett* at summary judgment, and

---

[2] Pettaway did not invoke a Rule of Federal Civil Procedure for his motion to reconsider.  Nevertheless, the Court will evaluate Pettaway's motion under Rule 59(e).

2

his motion to reconsider is due to be denied on those grounds. *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.").

Pettaway's argument also fails on its merits. The Court's ruling is consistent with *Barnett* and its reasoning. In *Barnett*, the Eleventh Circuit held that a city could be found liable on a *Monell* claim without a jury determination that an individual officer violated the Fourth Amendment. *Barnett*, 956 F.3d at 1302. *Barnett* did not involve the city's obligation to provide medical care under the Fourteenth Amendment, and *Barnett*'s holding does not impact a city's obligations under *Revere*. *Revere* establishes that a city's obligation to provide medical care is satisfied when an individual officer promptly summons medical care. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983). Thus, **in this Fourteenth Amendment context**, a city cannot be held liable under *Monell* when the individual police officers involved satisfied their constitutional obligations. Accordingly, this Court determined that the city of Montgomery satisfied its constitutional obligation. The Court did not commit clear error in making that determination, and Pettaway's motion to reconsider is due to be denied.

### B.  Excessive Force

Pettaway also moves the Court to reconsider its order carrying with the case his motion for summary judgment on his excessive force claim. Pettaway points to no change in the law, no new evidence, and no clear error that would necessitate the Court reconsidering its earlier order. Rather, Pettaway is attempting to relitigate already decided

matters in a motion for reconsideration. Pettaway's motion to reconsider is due to be denied.[3]

### C. Motion to Exclude

Pettaway also moves the Court to reconsider its denial of his motion to exclude the testimony of Defendants' expert Stephen Boudreau. As Pettaway's motion to reconsider his *Monell* claim is due to be denied, Boudreau's testimony remains moot. Pettaway's motion to reconsider is due to be denied.

### IV. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. Pettaway's Motion for Reconsideration (doc. 439) is DENIED.

2. Pettaway's motion for a status conference (doc. 440) is DENIED.

3. Barber's motion to stay proceedings (doc. 444) is GRANTED.

Done this 3rd day of March, 2023.

                                                         /s/ Emily C. Marks
                                              EMILY C. MARKS
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Further, the Court has discretion to delay its ruling on a motion for summary judgement. *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988) ("[T]he law of this Circuit recognizes that the interests of justice will sometimes require a district court to postpone its ruling on a motion for summary judgment even though the technical requirements of Rule 56(f) have not been met.").